IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WARREN PASCHAL, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | |
| : | NO. 4:21-cv-00082-CDL-MSH |
| Sheriff GREG COUNTRYMAN, : | |
| *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER OF DISMISSAL

Plaintiff Warren Paschal, Jr., a prisoner in the Muscogee County Jail in Columbus, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Because Plaintiff's handwritten complaint was not signed, the Clerk issued a notice of deficiency explaining to Plaintiff that he must refile a signed complaint within twenty-one days or his case could face dismissal. Plaintiff subsequently filed a document that he titled "appeal order of referral," which was docketed as an objection to the order referring this case to the undersigned Magistrate Judge. Obj., ECF No. 3. In that document, Plaintiff cited *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003), stating only that "there was injunctive relief by the court" in that case. *Id.* It is unclear what relief Plaintiff intended to seek through this filing.

Regardless, the referral of this case to the United States Magistrate Judge was proper pursuant to 28 U.S.C. § 636(b)(1). Moreover, Plaintiff's filing did not address the deficiency notice directing Plaintiff to file a signed complaint, nor did Plaintiff file a signed

complaint or otherwise respond to that notice. Therefore, Plaintiff was ordered to show cause to the Court why this case should not be dismissed based on his failure to file a signed complaint. Order to Show Cause, ECF No. 4.

In addition to filing a response, Plaintiff was ordered to refile his complaint on a proper 42 U.S.C. § 1983 complaint form and either pay the $402.00 filing fee for this case or submit a proper and complete motion for leave to proceed in this action *in forma pauperis*. *Id.* Plaintiff was given twenty-one days to respond to the order to show cause, file his recast complaint, and either pay the filing fee or seek leave to proceed *in forma pauperis*. *Id.* Plaintiff was also cautioned that his failure to fully and timely comply with this order would result in the dismissal of this action. *Id.*

More than twenty-one days have passed since that order was entered, and Plaintiff has not complied with or otherwise responded to that order. Indeed, the order, which was sent to Plaintiff at the Muscogee County Jail – the only address on file for Plaintiff – has been returned to this Court as undeliverable. Mail Returned, ECF No. 5. Plaintiff's failure to keep the Court apprised of his current address constitutes a failure to prosecute this action, and insofar as this Court has no information about Plaintiff's current address, this case cannot proceed.

Thus, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute this case, his complaint is now **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and

*Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this **21st** day of **July, 2021**.

        S/Clay D. Land
        CLAY D. LAND
        U.S. DISTRICT COURT JUDGE
        MIDDLE DISTRICT OF GEORGIA